# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARK L. LAURY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | No. 14-2386-JWL |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) failure to consider and discuss the third-party opinion of Plaintiff's wife, the court ORDERS that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this decision.

**I.      Background**

Plaintiff applied for DIB, alleging disability beginning April 29, 2013. (R. 66, 170). Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial

review of the final decision denying benefits. Plaintiff argues that the ALJ erred in failing to consider or discuss the statement provided by his wife; that the ALJ's credibility determination is unsupported by record evidence; that the residual functional capacity (RFC) assessment is erroneous because the ALJ erred in weighing the medical opinions of the state agency psychological consultants, and failed to assess limitations which are supported by the record evidence; and that the ALJ erred in relying upon the vocational expert (hereinafter VE) testimony at step five of the evaluation process.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ did not properly consider and discuss the Third Party Function Report completed by Plaintiff's wife.  Since remand is necessary in any case, the court need not consider the other allegations of error or provide an advisory opinion with regard to each.  Plaintiff may make his arguments in that regard to the Commissioner in the proceedings on remand.

## II. The ALJ Erred in Considering the "Function Report - Third Party" Completed by Plaintiff's Wife

Plaintiff points out that the record contains a statement from his wife but that the "ALJ's decision is completely silent as to this evidence" and the weight accorded to it.  (Pl. Br. 26).  He argues that there is no indication the ALJ was even aware of Ms. Laury's statement, and claims the failure to address this evidence is reversible error.  Id. at 28-29.  As a parting shot in his Brief, Plaintiff argued that "[i]n addition, Plaintiff's wife, Mrs. Laury, is a mental health counselor.  (Tr. 20).  Her observations and opinions should have been evaluated as an "other [medical] source" pursuant to SSR [(Social Security Ruling)] 06-3p as well."  (Pl. Br. 29) (citing the hearing transcript dated January 6, 2014).

4

In response, the Commissioner acknowledged that "the ALJ did not explicitly discuss [Mrs. Laury's] statement." (Comm'r Br. 7). Nevertheless, she argued that Mrs. Laury's opinions "largely mirror Plaintiff's own claims," and therefore, any error in failing to discuss them is harmless. Id. (citing Best-Willie v. Colvin, 514 F. App'x 728, 736 (10th Cir. 2013)).

In the Tenth Circuit, an ALJ is not required to make specific, written findings regarding third party credibility when the written decision reflects that the ALJ considered the statements. Blea, 466 F.3d at 914-15; Adams v. Chater, 93 F.3d 712, 715 (10th Cir. 1996). In Adams, the court "decline[d] claimant's invitation to adopt a rule requiring an ALJ to make specific written findings of each witness's credibility, particularly where the written decision reflects that the ALJ considered the testimony." 93 F.3d at 715. The Adams court determined "that the ALJ considered the testimony of claimant's wife in making his decision because he specifically referred to it in his written opinion," and the court found no error in the ALJ's failure to make specific, written findings regarding the testimony. Id. Thirteen years later, the Tenth Circuit confirmed the rule that an ALJ is not required to make specific written findings of credibility regarding a third-party statement if the written decision reflects that the ALJ considered it. Blea, 466 F.3d at 915.

Without citing or discussing Blea or Adams, published and therefore precedential, decisions of the Tenth Circuit, the Commissioner argues that any error in failing to discuss Mrs. Laury's statement is harmless. And, she cites for authority an unpublished

5

decision of the circuit which found that the third party opinions were cumulative of the claimant's testimony, and any error in failing to specifically discuss them was harmless. Best-Willie, 514 F. App'x at 736.

While the court suspects that it would be harmless error to fail to discuss testimony which is truly cumulative of a claimant's allegations, it is aware of no published opinion of the Tenth Circuit with such a holding, and it does not find that this is such a case. While the Commissioner's brief acknowledges that the decision in Best-Willie rests upon a finding that the third-party "letter is cumulative of Best-Willie's testimony," she argues in this case only that Mrs. Laury's opinions "largely mirror Plaintiff's own claims." (Comm'r Br. 7) (quoting Best-Willie, 514 F. App'x at 736) (emphasis added). Moreover, the limitations at issue in Best-Willie were allegedly the result of physical impairments whereas in this case, the limitations alleged are primarily the result of mental impairments. Mental impairments and limitations are less likely to be seen at a hearing or at a one-time examination, and as such, it is more likely that the third-party statement of a spouse may be more important in a case like this. Further, the opinion in Best-Willie makes no mention of the rule of Adams and Blea, and relies for its holding on a decision of the Eighth Circuit holding that "the same evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay witness's claims." Id. (quoting Buckner v. Astrue, 646 F.3d 549, 560 (8th Cir. 2011)) (brackets omitted). This court is aware of the rule in the Tenth Circuit, Plaintiff appealed to that rule in his Brief, and the Commissioner did not address how the rule should be applied, or why it should not be

applied, in this case. As the court said in Blea, "Without the benefit of the ALJ's findings supported by the weighing of this relevant evidence, we cannot determine whether his conclusions are supported by substantial evidence." Blea, 466 F.3d at 915 (quoting Threet v. Barnhart, 353 F.3d 1185, 1190 (10th Cir. 2003)).

With regard to Plaintiff's argument that his wife's opinion should be weighed as an "other" medical source opinion in accordance SSR 06-3p, the court will not determine that issue. The court notes that Mrs. Laury completed her third party function report as the "spouse" of the claimant (R. 235) and did not identify herself as a mental health counselor. Nevertheless, the Commissioner should be the one to determine in the first instance if the opinion should be weighed as an "other" medical source opinion.

Remand is necessary for the Commissioner to consider Mrs. Laury's statement properly in accordance with Tenth Circuit precedent.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 4th day of August 2015, at Kansas City, Kansas.

        s:/ John W. Lungstrum
        **John W. Lungstrum**
        **United States District Judge**